UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

            - against -                    :

JAIME GOMEZ,                          :

               Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**<u>MEMORANDUM DECISION</u>**
**<u>& ORDER</u>**

99-CR-1048-2 (DC)
08-CV-171 (DC)
16-CV-5584 (DC)

**APPEARANCES:**          AUDREY STRAUSS, ESQ.
United States Attorney for the
Southern District of New York
         By:   Thomas S. Burnett, Esq.
              Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York  10007

JAIME GOMEZ
Defendant *Pro Se*
FCI Ray Brook, P.O. Box 900
Ray Brook, New York  12977

**CHIN, Circuit Judge:**

On November 4, 2020, the Second Circuit granted defendant Jaime Gomez

leave to file a second or successive motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C § 2255.  *See* Dkt. No. 225.  Proceeding *pro se*, Gomez now so moves,

arguing that two of his counts of conviction -- Counts Six and Seven -- cannot stand

in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937

F.3d 126 (2d Cir. 2019).  For the reasons set forth below, Gomez's motion is **DENIED**.

## BACKGROUND

The facts of this case are set forth in greater detail in my decision on Gomez's previous § 2255 motion.  *See United States v. Gomez*, 644 F. Supp. 2d 362, 366-67 (S.D.N.Y. 2009).  I briefly summarize only the most pertinent facts below, established at trial, as well as the relevant procedural history.

In May 1998, a drug-distribution organization hired Gomez and two other individuals to kill two men, Johan Pena-Perez and Nilton Duran, who had allegedly stolen heroin and cash from the organization.  *Id.* at 366.  On May 26, 1998, Gomez fired a machine gun at the victims while they sat in their car at a traffic light, killing Pena-Perez in the driver's seat.  Duran exited the vehicle and fled, and Gomez pursued and fired five additional shots.  Gomez followed Duran into a nearby building, but unbeknownst to Gomez, plain-clothes police officers had observed him and followed. *Id*.  Inside of the building, Gomez saw the officers, dropped his weapon, and fled up the stairs.  *Id*.  The officers gave chase and found Duran bleeding on the third floor.  *Id*. Duran yelled, "that guy just shot me," pointing up the stairs.  *Id.*  The officers found and arrested Gomez on the roof.  *Id.* at 367.

In 2001, a grand jury returned a superseding indictment charging Gomez with seven counts:  Count One charged him with conspiracy to commit Hobbs Act robbery and extortion, in violation of 18 U.S.C. § 1951; Counts Two and Three charged him with conspiracy to commit murder-for-hire and murder-for-hire, both in violation

of 18 U.S.C. § 1958; Count Four charged him with conspiracy to distribute and possess

with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846;

Count Five charged him with murder while engaged in a major drug conspiracy, in

violation of 21 U.S.C. § 848(e)(1)(A); Count Six charged him with using and carrying

firearms in relation to the crimes charged in Counts One through Five in violation of 18

U.S.C. § 924(c); and Count Seven charged him with using and carrying a firearm in

relation to the crimes charged in Counts One through Five and in the course of these

crimes, causing the death of another person, in violation of 18 U.S.C. § 924(j).  *Id.*

Gomez pled not guilty, and he was tried by a jury.  *Id.*  On February 1,

2002, the jury found Gomez guilty on all seven counts.  *Id.*

On September 19, 2001, I sentenced Gomez to life imprisonment on

Counts Two, Three, Four, Five, and Seven, and twenty years on Count One, all to be

served concurrently, and ten years on Count Six, to be served consecutively.  Dkt. No.

64.

Gomez filed a direct appeal, and the Second Circuit affirmed his

conviction.  *United States v. Marmolejas*, 112 F. App'x 779, 782, 784 (2d Cir. 2004)

(summary order).  Gomez also filed several motions for post-conviction relief, and

relevant here, in 2008, he filed a motion seeking to vacate, set aside, or correct his

sentence.  On July 30, 2009, I denied that motion in its entirety.  *Gomez*, 644 F. Supp. 2d

at 374.

Nearly seven years later, Gomez moved to file a successive petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 187, which, as noted, the Second Circuit granted, Dkt. No. 224.  In his instant motion, he restates each of the arguments he made in his 2008 motion, and he argues that his convictions on Counts Six and Seven are unconstitutional in light of *Davis* and *Barrett*. Dkt. No. 187 at 4-10.

## DISCUSSION

### I.       Ineffective Assistant of Counsel and Multiplicity of Indictment

In Gomez's instant motion, he reasserts the arguments he made in his 2008 motion to set aside, correct, or vacate his sentence -- that is, claims of ineffective assistance of counsel and "multiplicity/duplicity of indictment."  Dkt. No. 187 at 4; *see id.* at 4-9.  To the extent he is attempting to renew his previous § 2255 motion or move for reconsideration of my previous decision, his motion is denied.  First, these arguments are untimely, as they are not premised on any newly discovered evidence or intervening changes in the law. *See* U.S.C. 28 § 2255(f) (one-year statute of limitations applicable to the claims at issue here).  Second, even if these arguments were timely, they were previously denied, and Gomez has offered no reason for me to reconsider my previous ruling.  *See Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (denying successive § 2255 motion to the extent it "presents the same claim presented in the first . . . § 2255 motion").  Accordingly, Gomez's claims for ineffective assistance of

counsel and multiplicity of the indictment are rejected.

## II.     Counts Six and Seven

Gomez also argues that his convictions for Counts Six and Seven --

charging use and possession of a firearm in relation to the crimes charged in Counts

One through Five, and in the course of these crimes, causing the death of another

person -- cannot stand in light of *Davis* and *Barrett* because Counts One and Two are no

longer valid predicates for his § 924(c) and (j) convictions; the crimes charged in Counts

Two and Three (conspiracy to murder-for-hire and murder-for-hire) were recently

found to be invalid § 924(c) predicates by a district court in the Eastern District of New

York, *see Qadar v. United States*, No. 00-CR-603, 2020 WL 3451658, at *2 (E.D.N.Y. June

24, 2020), *adhered to*, No. 00-CR-603, 2020 WL 5027143 (E.D.N.Y. Aug. 25, 2020); and

Counts Four and Five (narcotics conspiracy and intentional murder while engaged in a

major drug conspiracy) cannot serve as valid predicates because the Government failed

to provide sufficient proof to support his conviction on those counts.  As set forth

below, these arguments are unavailing, and accordingly I deny Gomez's motion.

### A.     Applicable Law

In *Davis*, the Supreme Court held that § 924(c)(3)(B) (the residual clause)

was unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  Following this decision, the

Second Circuit ruled that conspiracy to commit Hobbs Act robbery was no longer a

valid § 924(c) predicate, because it could not qualify as a crime of violence without the

residual clause.  *Barrett*, 937 F.3d at 128.  Courts in this district have reached the same

conclusion with regard to conspiracy to commit murder-for-hire under § 1958.  *See*

*United States v. Pena*, No. 09-CR-341, Dkt. No. 438 at 2 (S.D.N.Y. July 6, 2020) (holding

that a § 1958 conspiracy charge is no longer a valid predicate in light of *Davis* because it

could only qualify as "crime of violence" under the residual clause of 18 U.S.C. § 924(c)).

 Drug trafficking offenses are, however, still categorically valid predicates

for § 924(c) convictions.  Section 924(c)(2) -- not deemed unconstitutional under *Davis* --

prohibits the use and carry of firearms during and in relation to a "drug trafficking

crime," which includes "any felony punishable under the Controlled Substances Act."

18 U.S.C. § 924(c)(2); *see Williams v. United States*, No. 16-CR-256, 2020 WL 6683075, at *2

(S.D.N.Y. July 16, 2020) ("*Davis* invalidated the residual clause of § 924(c)' s definition of

'crime of violence,' but left § 924(c)'s definition of 'drug trafficking crime' intact.").  Both

conspiracy to possess with intent to distribute heroin and murder while engaging in a

major drug conspiracy -- Counts Four and Five here -- are felonies under the Controlled

Substances Act.  *See* 21 U.S.C. §§ 846, 848.

 Further, murder while engaged in a drug conspiracy also remains a valid

predicate under section 924(c)(3)(A) (the elements clause), which prohibits the use and

carrying of firearms during and in relation to a felony that "has as an element the use,

attempted use, or threatened use of physical force against the person or property of

another," 18 U.S.C. § 924(c)(3)(A).  *See Sessa v. United States*, 2020 WL 3451657 at *5

(E.D.N.Y. June 24, 2020) ("A substantive conviction of a categorical crime of violence involving a firearm is a valid predicate for a § 924(c) conviction, regardless of what theory of liability it proceeds on.").

Recently, a number of cases have arisen where defendants are convicted of multiple predicate offenses for a § 924(c) conviction, at least some of which could no longer serve as a valid predicates in light of *Davis* and *Barrett*. But the Second Circuit has upheld § 924(c) convictions where there was an alternative predicate crime, such as drug trafficking, that remained a valid predicate. *See United States v. Dussard*, 967 F.3d 149, 157 (2d Cir. 2020) (upholding § 924(c) conviction following guilty plea to firearm possession with Hobbs Act conspiracy, even though *Davis* and *Barrett* rendered Hobbs Act conspiracy an invalid predicate, where record made clear that defendant also possessed firearm during and in relation to a drug trafficking crime, which could serve as a predicate). Further, courts in this district have "left § 924(c) convictions undisturbed where one predicate is valid and the record indicates that the jury must have considered it." *Vilar v. United States*, No. 16-CV-5283, 2020 WL 85505, at *3 (S.D.N.Y. Jan. 3, 2020) (collecting cases). Further, the Second Circuit has held, in a different context, that "§ 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129-30 (2d Cir. 2015) (upholding § 924(c) conviction even though conviction on predicate

crime (bank robbery) was vacated, as there was legally sufficient proof that defendant committed the predicate crime).

### B.      Application

While Gomez correctly argues that under *Davis* and *Barrett*, Count One is no longer a valid predicate offenses for a § 924(c) or (j) conviction, Gomez's convictions on Counts Four and Five are still valid predicates for his convictions on Counts Six and Seven. *See Williams*, 2020 WL 6683075, at *2; *Sessa*, 2020 WL 3451657 at *5. Indeed, Gomez acknowledges as much. Dkt. No. 258 at 3 ("The Petitioner do[es] not dispute that the other predicate crimes -- conspiracy to distribute heroin and murder while engaged in a drug conspiracy [--] . . . remain valid predicate[s] for Count Six."). He argues, however, that it is impossible to know on which predicate the jury based its § 924(c) and (j) convictions, and that because there was insufficient proof to support his convictions on Counts Four and Five, the jury must have based its 924(c) and (j) convictions on the now-invalid predicates. I disagree.

As noted above, so long as there is legally sufficient proof that Gomez committed a valid predicate crime that the jury considered, a § 924(c) conviction is properly upheld even if other predicates were later deemed invalid. *See Dussard*, 967 F.3d at 157; *Vilar*, 2020 WL 85505, at *3. And contrary to Gomez's contention, there was legally sufficient proof to support conviction on Counts Four and Five -- charging

Gomez with involvement in a narcotics conspiracy.[1]  Indeed, following Gomez's post-

trial motions, I already ruled that "the record contained substantial evidence to support

the jury's conclusion that Gomez . . . [was] acting in concert with the others to further

the goals of the [narcotics] conspiracy," *United States v. Gomez*, 210 F. Supp. 2d 465, 478

(S.D.N.Y. 2002) (detailing facts in the record supporting the conviction), and the Second

Circuit agreed, *see United States v. Marmolejas*, 112 F. App'x 779, 782 (2d Cir. 2004)

(summary order) ("[W]e reject Gomez's contention that the evidence was somehow

insufficient to support his conviction on the narcotics conspiracy counts.  Gomez told

the police after his arrest that the hitmen 'were going to a spot where (2) kilos and $400

thousand were ripped off by these guys.  We were going to take these guys' beepers

and get back the customers these guys had stolen *from us*.'" (alterations omitted)).

Accordingly, I reject Gomez's argument that there was insufficient proof to convict him

on Counts Four and Five, which are both still valid predicates for his § 924(c) and (j)

convictions, and therefore I leave undisturbed his 924(c) and (j) convictions.

       In reply, Gomez also argues that his convictions on Counts Four and Five

must be vacated in light of *United States v. Rutledge*, in which the Supreme Court held

that a defendant could not be convicted of a 21 U.S.C. § 848 charge (continuing criminal

enterprise) and a 21 U.S.C. § 846 charge (conspiracy to distribute and possess with

---

[1]      Because Counts Four and Five are valid predicates, I need not determine whether
murder-for-hire and conspiracy to do the same are crimes of violence under § 924(c).

intent distribute narcotics), as conviction on both offenses would constitute an improper double punishment for the same conduct.  517 U.S. 292, 307 (1996).  But this argument is rejected.  First, it is untimely, as *Rutledge* was decided before Gomez was convicted and sentenced, but he did not raise it until years after judgment was entered against him. Second, Gomez raised this argument only in his reply brief, and "[i]ssues raised for the first time in a reply brief are generally deemed waived."  *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).  Third, even if the argument were timely and persuasive, it would at best result in vacatur of just one of Counts Four or Five, *see Rutledge*, 517 U.S. at 307 (holding that only one of defendant's convictions must be vacated), meaning the other count would remain undisturbed and thus would still serve as valid predicate offense for his § 924(c) and (j) convictions.

## CONCLUSION

For the reasons set forth above, Gomez has failed to show a basis for relief under 28 U.S.C. § 2255.  Accordingly, his petition for relief is denied.  Because he has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  *See* 28 U.S.C. § 2253 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.  The Clerk of the Court shall enter judgment accordingly, close case number 16-CV-5584, and send a copy of this Order to Gomez at the address provided above.

Dated:         New York, New York
               June 24, 2021

                                              _____/s/ Denny Chin_____
                                              DENNY CHIN
                                              United States Circuit Judge
                                              Sitting by Designation